IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY LEE EVANS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  CIVIL NO. 09-881-GPM |
| | ) |
| LISA J. W. HOLLINGSWORTH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner Johnny Lee Evans, an inmate in the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Evans is not entitled to relief, and the petition must be dismissed.

Evans was convicted of conspiracy to transport an individual in interstate commerce for the purpose of prostitution and money laundering. He was sentenced to 60 months imprisonment on one count, to be run consecutively to the 151-month sentences imposed on two other counts, for an aggregate term of 211 months imprisonment. His conviction and sentence were affirmed on appeal.

*United States v. Evans*, 272 F.3d 1069 (8th Cir. 2001), *cert. denied*, 537 U.S. 857 (2002). Evans then challenged his sentence pursuant to 28 U.S.C. § 2255. In that motion, Evans alleged several instances of counsel's purported ineffectiveness, including sentencing errors, but he did not raise the issue he presents in this action (as discussed below). In an order filed June 13, 2005, Evans's motion was denied, and no appeal was taken from that order. *Evans v. United States*, Case No. 03-cv-845-JCH (E.D. Mo., filed June 19, 2003).

In April 2007, Evans filed a motion in his criminal case to amend the judgment (Doc. 865, criminal case). Evans noted that his original sentence and judgment referred to the knowing transportation of "an individual under the age of 18 years" in interstate commerce, although he was not specifically convicted of activity involving minors. This motion was granted (Doc. 871), and an amended judgement was entered that removed any reference to the age of the individuals (Doc. 872). However, his sentence was not modified. As Judge Hamilton stated in her order, "No resentencing is necessary because his Presentencing Report indicates that the proper conviction was used to calculate his sentence" (Doc. 871).

In the petition before the Court, Evans asserts that Judge Hamilton was incorrect with this statement. He states that in his PSR, his sentence was enhanced several levels due to a finding that two of his victims were minors. Evans further asserts that without these enhancements, his sentencing range would have been 70-87 months, rather than 121-151 months.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991); *see also Waletski v. Keohane*, 13 F.3d

1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255"). Essentially, this action is an effort to challenge the validity of his sentence, which is, in substance, a collateral attack on a conviction that must be pursued under 28 U.S.C. § 2255. *See United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005).

> Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Id.* at 980.

In this case, where it is clear that Evans has already filed at least one collateral attack on his conviction, the Court is required to construe the instant motion as a second or successive collateral attack. *Lloyd*, 398 F.3d at 980. Because Evans has not shown that he has been granted leave to file such a successive collateral attack, the Court has no choice but to dismiss this action; this Court has no jurisdiction to consider the claims presented. *See* 28 U.S.C. § 2255, ¶ 8; *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). If Evans wishes to pursue these arguments, he must do so in the court of conviction, but only after he has obtained leave to file from the appropriate court of appeals.

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: 05/05/10

                                                s/ *G. Patrick Murphy*
                                                G. PATRICK MURPHY
                                                United States District Judge