IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNNY LEE EVANS,
Petitioner,

vs.

LISA J.W. HOLLINGSWORTH,
Respondent.                                              No. 09 - CV - 00881 DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Johnny Lee Evans, an inmate in the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 (Doc. 1). This case is now before the Court on remand from the United States Court of Appeals, Seventh Circuit. The appellate court's January 4, 2011, order vacated this Court's judgment and order (Docs. 5 & 6) construing petitioner's action as a successive § 2255 motion and dismissing it for lack of jurisdiction. Accordingly, as instructed by the court above, this Court now reviews the § 2241 petition to determine whether it must be dismissed under 28 U.S.C. § 2255(e).

RULE 4 of the RULES GOVERNING SECTION 2254 CASES IN UNITED STATES DISTRICT COURTS provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct

the clerk to notify the petitioner." RULE 1(b) gives this Court the authority to apply the RULES to other habeas corpus cases. After carefully reviewing the petition as directed by the appellate court, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner was convicted of conspiracy to transport an individual in interstate commerce for the purpose of prostitution and money laundering. He was sentenced to 60 months' imprisonment on one count, to be run consecutively to the 151-month sentences imposed on two other counts, for an aggregate term of 211 months' imprisonment. His conviction and sentence were affirmed on appeal. *United States v. Evans*, 272 F.3d 1069 (8th Cir. 2001). Petitioner then challenged his sentence pursuant to 28 U.S.C. § 2255. In that motion, petitioner alleged several instances of counsel's purported ineffectiveness, including sentencing errors, but he did not raise the issue he presents in this action (as discussed below). In an order filed June 13, 2005, petitioner's motion was denied, and no appeal was taken from that order. *Evans v. United States*, Case No. 03-cv-845-JCH (E.D. Mo., filed June 19, 2003).

In April 2007, petitioner filed a motion in his criminal case to amend the judgment (Doc. 865, criminal case). Petitioner noted that his original sentence and judgment referred to the knowing transportation of "an individual under the age of 18 years" in interstate commerce, although he was not specifically convicted of activity involving minors. This motion was granted (Doc. 871), and an amended judgment was entered that removed any reference to the age of the individuals (Doc. 872). However, his sentence was not modified. As Judge Hamilton stated in her

order, "No resentencing is necessary because his Presentencing Report indicates that the proper conviction was used to calculate his sentence" (Doc. 871).

In the petition before the Court, petitioner asserts that Judge Hamilton was incorrect in stating that his sentence was properly calculated. He states that in his Presentencing Report, his sentence was enhanced several levels due to a finding that two of his victims were minors. Petitioner further asserts that without these enhancements, his sentencing range would have been 70–87 months, rather than 121–151 months.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991); *see also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner asserts that a § 2241 petition is the proper avenue to bring what he describes as a challenge to the way in which his sentence was imposed, and that he has exhausted his opportunity to present this argument in another § 2255 action. Essentially, his claim is that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that petitioner may be barred from bringing a successive § 2255 petition is not, in itself,

sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609–10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'" *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001)[1]; *see also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that section 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49–50 (1st Cir. 1999); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that section 2255's substantive and procedural barriers by themselves do not establish that section 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The court stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction

---

[1] *Ashley* overruled only Part III of *Montenegro*. *Ashley* held that a decision that a right initially recognized by Supreme Court is retroactively applicable to cases on collateral review, as will begin one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by Supreme Court. *Ashley*, 266 F.3d at 674.

as *having been imprisoned for a nonexistent offense.*" *In re Davenport*, 147 F.3d at 611 (emphasis added).

> Every court that has addressed the matter has held that § 2255 is "inadequate or ineffective" only when a structural problem in § 2255 forecloses even one round of effective collateral review—and then only when as in *Davenport* the claim being foreclosed is one of actual innocence. *See, e.g., Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538–39 (3d Cir. 2002); *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 902–03 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

*Taylor v. Gilkey*, 314 F.3d 832, 835–36 (7th Cir. 2002).

When, then, may a petitioner successfully argue that he is "actually innocent" under *Davenport*? The Seventh Circuit clarified this standard, stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. To the contrary, petitioner merely asserts that the trial court improperly refused to reconsider his sentence in light of its order amending its judgment to remove the reference to the age of the individual petitioner was convicted of transporting. Petitioner is thus seeking to challenge the validity of his sentence, which is the type of collateral attack on a conviction that is properly pursued under § 2255, and which petitioner could have raised in his first § 2255 motion. *See United States v. Lloyd*, 398 F.3d 978, 979–80 (7th Cir. 2005). As such, the action must be brought in the court where petitioner was convicted, after obtaining leave from the

appropriate court of appeals to file a successive collateral attack. *See* § 2255(h).

For the reasons stated above, § 2241 cannot provide petitioner with the desired relief, and this action is summarily **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Signed this 28th day of April, 2011.

Digitally signed by
David R. Herndon
Date: 2011.04.28
12:05:38 -05'00'

**Chief Judge
United States District Court**